957 So.2d 56 (2007)
Dessie ADDERLY, Appellant,
v.
The UNIVERSITY OF MIAMI d/b/a The University of Miami School of Medicine, Appellee.
No. 3D05-2541.
District Court of Appeal of Florida, Third District.
May 2, 2007.
Ratzan & Alters, P.A., Miami; Boldt Law Firm and Kimberly L. Boldt, for appellant.
Fowler White Burnett P.A., and June Galkoski Hoffman, Miami and Marc J. Schleier, for appellee.
Before FLETCHER, RAMIREZ, and SUAREZ, JJ.
FLETCHER, J.
Dessie Adderly appeals from a final judgment entered in favor of The University of Miami d/b/a The University of Miami School of Medicine (UM) following a jury trial in this medical malpractice action. We affirm.
Mrs. Adderly was suffering from blood flow problems with her right leg when she underwent vascular surgery at Jackson Memorial Hospital. After the surgery, Adderly was paralyzed from the abdomen down and lost her left leg to amputation as a result of lack of blood flow. She brought a negligence action against numerous medical providers including UM and The Public Trust d/b/a Jackson Memorial Hospital. Plaintiff alleged that UM was vicariously liable for the conduct of the treating vascular surgeons, Pranay Ramdev, M.D. and Darwin Eton, M.D. due to their medical faculty appointments and *57 employment with UM. During discovery, plaintiff requested from both UM and the Trust documents to determine the surgeons' relationship with the organizations. Pursuant to the request, a contract between Dr. Ramdev and the Trust was produced; however, it was dated subsequent to the surgery. On its pre-trial exhibit list, UM did not list another contract as intended evidence. Allegedly based on the assumption that no controlling contract existed, plaintiff dismissed the Trust as a defendant four days prior to trial.
At trial, plaintiff had to prove that Dr. Ramdev deviated from the standard of care in his treatment of the patient, and that in so doing he acted as an agent of UM. On the issue of negligence, Adderly's expert testified that the surgeons incorrectly operated resulting in blood flow being cut off to the pelvis which ultimately led to loss of what was her good leg. The treating surgeons, however, claimed that upon visual observation they discovered the patient's aorta was occluded and that this necessitated a change from the original surgical plan (an end-to-end graft instead of an end-to-side graft). On cross-examination, plaintiff's expert conceded that if the surgeons had discovered an occluded aorta then the procedure they performed was correct and within the standard of care.
On the agency issue, early in the trial plaintiff attempted to prove the relationship with UM based on the failure to produce a contract with the Trust. On questioning, however, Dr. Ramdev maintained that he had signed a contract with the Trust. On the fourth day of trial, UM produced the applicable contract. (UM explained that the contract had been found after a further search by Trust personnel.) Plaintiff objected to the admission of the contract. Recognizing its potential for prejudice, the judge offered plaintiff a mistrial, but plaintiff declined. The trial court allowed evidence of the contract to come in. The jury returned a verdict of no negligence by the surgeons, and a final judgment was entered in favor of UM.
Appellant contends she is entitled to a new trial due to the improper and prejudicial admission of the late-discovered evidence. She claims that introduction of this evidence mid-trial destroyed the credibility of her case and impermissibly bolstered the credibility of Dr. Ramdev. Her argument presumably goes to both the agency and liability issues, i.e. because the doctor was right about the existence of the contract, the jury was more likely to believe him as to the occluded aorta. UM initially argues that appellant waived her rights when she declined the offer of a mistrial. Alternatively, it would have this court affirm on harmless error grounds because of the existence of substantial independent evidence of liability. We are convinced that error, if any, in the admission of the objected-to evidence was harmless.
It is important to remember that the initial issue for the jury's consideration was whether or not the surgeons were negligent in their care and treatment of Adderly. Only if they found negligence, would the issue of agency need to be resolved. In light of the concession made by plaintiff's expert, the key question on liability was the condition of the aorta at the beginning of the surgery. Independent of Dr. Ramdev's testimony (whose credibility appellant claims was improperly bolstered), the jury was presented with Dr. Eton's testimony. He stated that he remembered a complete occlusion. Additionally, an operative note dictated by Dr. Roca, a resident assisting in the surgery, was introduced which described the aorta as "heavily calcified." Although not overwhelming, this evidence could reasonably have been found by the jury to be sufficient *58 proof of the absence of any negligence. Moreover, we are not persuaded by appellant's argument that the impermissible evidence bolstered Dr. Ramdev's credibility to such a significant degree. A jury should be able to appreciate the difference between testimony on a minor point such as the existence of an employment contract and the crucial facts surrounding what happened during the surgery.
We, therefore, affirm the judgment below.